IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHIK HON YIM,**<br><br>Plaintiff,<br><br>vs.<br><br>**TRANSWORLD SYSTEMS, INC. d/b/a NCO ATTORNEY NETWORK; JUDGMENT RECOVERY PARTNERS LLC;** and **BANK OF AMERICA, N.A.**,<br><br>Defendants. | **Case No.: 2:23-cv-02538-DDC/BGS**<br><br>**JURY TRIAL DEMAND** |

## AMENDED COMPLAINT

COMES NOW Plaintiff Chik Hon Yim ("Plaintiff"), through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1. This is an action for damages brought by an individual consumer to recover for the wrongful garnishment of $18,239.77 from his bank account by Defendants, in the course of their collecting on a judgment entered in another state and against a different person than Plaintiff.

2. Plaintiff brings claims against Defendants Transworld Systems, Inc. d/b/a NCO Attorney Network and Judgment Recovery Partners LLC for violations of the federal Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*., and against Defendant Transworld Systems, Inc. d/b/a NCO Attorney Network, Judgment Recovery Partners LLC, and Bank of America, N.A. for wrongful garnishment and violations of the Kansas Consumer Protection Act, ("KCPA"), K.S.A. § 50-601, *et seq.*

1

## Jurisdiction and Venue

3. Jurisdiction of this Court arises under 15 USC § 1692k(d), 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue lies properly in this district under 28 U.S.C. § 1391(b).

5. The harm resulting from the wrongful garnishment was discovered and felt in the State of Kansas.

## The Parties

6. Plaintiff is a resident of the State of Kansas.

7. Defendant Transworld Systems, Inc. d/b/a NCO Attorney Network ("Transworld Systems") is a California corporation.

8. Defendant Transworld Systems was and is engaged in the business of collecting consumer debts and wrongfully garnished money that was deposited with Defendant Bank of America, N.A. within the State of Kansas.

9. Defendant Judgment Recovery Partners LLC is a Wyoming corporation.

10. Defendant Judgment Recovery Partners LLC was and is engaged in the business of collecting consumer debts and wrongfully garnished money that was deposited with Defendant Bank of America, N.A. within the State of Kansas.

11. Bank of America, N.A., is a national bank that is engaged in the business of banking in the State of Kansas.

## Factual Background

12. On or about November 10, 2023, Plaintiff was notified by Defendant Bank of America, N.A. that $18,239.77 was being taken from Plaintiff's Bank of America, N.A. account because of a "Legal Order."

13. Plaintiff contacted Bank of America by going to its branch office located at 11111 W 95th St, Overland Park, KS 66214 to dispute the withdrawal of money from his account.

14. Upon notifying Bank of America, N.A. of the issue, Bank of America put Plaintiff in touch with Ronald Moses, Marshall, for the City of New York.

15. Plaintiff obtained a garnishment order from the State of New York in Case Number CV-102495-03, City of New York Marshall Docket No.: R 101154.

16. In case Number CV-102495-03, a judgment was issued twenty years ago on or about November 28, 2003, in the amount of $23,414.52 in favor of NCO Attorney Network, ASO Universal Card against an individual named Chi Hung Yim.

17. According to the paperwork filed on November 7, 2023, this person had a social security number ending in 6135.

18. Defendant Judgement Recovery Partners LLC advertises itself as a debt collector.

19. Defendant Judgement Recovery Partners LLC describes on its website "how [they] collect the judgment by:

   a. "Using in depth skip tracing tools, asset locating techniques, and legal procedures" to;

   b. "Find their bank account, freeze it, and remove the funds";

   c. All while using "the services of the county sheriff's, marshals, and enforcement officers."

20. Plaintiff contacted Christina of the Marshall's office, told her about the unlawful garnishment, and was referred to Defendant Judgment Recovery Partners LLC.

21. On November 13, 2023, Plaintiff spoke with Charles of Defendant Judgment Recovery Partners LLC.

22. After informing Charles of Defendant Judgment Recovery Partners LLC that they had the wrong person's money garnished, Charles refused to tell Plaintiff who his client was who was wrongfully garnishing Plaintiff's money and hung up on Plaintiff.

23. Despite having a different name than the actual debtor and living 1,250 miles from where the 20 year old judgment was issued, Defendants, after being advised of the obvious discrepancies, failed to release the garnishment and continued to hold Plaintiff's money.

## COUNT I
## Violations of the Fair Debt Collection Practices Act
## Defendant Transworld Systems, Inc.
## and Judgment Recovery Partners LLC

COMES NOW Plaintiff, and as for Count III against Defendants Transworld Systems, Inc. and Judgment Recovery Partners LLC, states and alleges:

24. Plaintiff incorporates herein the preceding paragraphs as though set forth.

25. Defendants Transworld Systems and Judgment Recovery Partners LLC were and are engaged in the business of collecting consumer debts, which resulted in funds being garnished out of Plaintiff's bank account in the State of Kansas.

26. The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act under 15 U.S.C. § 1692k(d).

27. This is an action for damages brought by an individual consumer for Defendants Transworld Systems and Judgment Recovery Partners LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

28. Plaintiff is a consumer as defined by 15 USC §1692a (3) of the FDCPA.

29. The principal purpose of Defendant Transworld Systems and Judgment Recovery Partners LLC is the collection of consumer debts using the mail and telephone, and Defendants

Transworld Systems and Judgment Recovery Partners LLC regularly attempts to collect debts alleged to be due to another.

30. Defendant Transworld Systems and Judgment Recovery Partners LLC are debt collectors as defined by 15 U.S.C. § 1692a(3) who use any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another or by taking of assignment of a debt already declared to be in default by the originating creditor.

31. Defendant Transworld Systems and Judgment Recovery Partners LLC were attempting to collect a consumer debt as defined by 15 U.S.C. § 1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

32. The standard in determining whether Defendant Transworld Systems and Judgment Recovery Partners LLC violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse. *Schweizer v. Trans Union Corp.*, 6 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

33. 15 U.S.C. § 1692e, entitled false or misleading representations, states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the

5

following conduct is a violation of this section: (2) the false representation of-- the character, amount, or legal status of any debt; (5) the threat to take any action that cannot legally be taken or that is not intended to be taken; (8) communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34. 15 U.S.C. § 1692f, entitled unfair and deceptive practices, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

35. The above-described acts are misleading to the least sophisticated consumer.

36. Defendant Transworld Systems' and Judgment Recovery Partners LLC's acts were done intentionally to coerce Plaintiff to pay the alleged debt.

37. Because of the above violations of the stated Act, Defendants Transworld Systems and Judgment Recovery Partners LLC are each liable to Plaintiff for actual damages; statutory damages up to $1,000.00 under 15 U.S.C. § 1692k; costs and reasonable attorney's fees under 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants Transworld Systems and Judgment Recovery Partners LLC for actual damages; statutory damages under 15 U.S.C. § 1692k; costs and reasonable attorney's fees under 15 U.S.C. § 1692k; and for such other and further relief as may be just and proper.

## COUNT II
## Violations of the Electronic Funds Transfer Act
## Defendant Bank of America, N.A.

COMES NOW Plaintiff, and as for Count II against Defendant Bank of America, N.A., states and alleges as follows:

38. Plaintiff hereby incorporates all other paragraphs herein.

39. Jurisdiction of this Court arises under *15 U.S.C. 1693m(g)* and 28 U.S.C. §1331.

40. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

41. The EFTA is a federal statute which regulates electronic fund transfers – in particular, preauthorized transfers – initiated by consumers through financial institutions. See 15 U.S.C. § 1693 *et seq*.

42. "The EFTA, like the [Truth-in-Lending-Act] and other [Consumer Credit Protection Act] provisions, is a remedial statute accorded a broad, liberal construction in favor of the consumer." *Bultemeyer v. Fitness Alliance, LLC*, No. CV-12-2619-PHX-LOA, 2014 WL 667585, at *3 (D. Ariz. Feb. 20, 2014).

43. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(5) and 12 C.F.R. § 205.1(e).

44. On information and belief Defendant Bank of America, N.A. violated 15 U.S.C. § 1693e(a) by initiating electronic fund transfers from Plaintiff's bank account without first obtaining Plaintiff's written authorization signed or similarly authenticated and by failing to provide a copy of such authorization to him.

45. Further, Defendant Bank of America, N.A.'s conduct, as described herein, violates 15 U.S.C. § 1693h(a) in that Defendant failed to make or stop an electronic fund transfer in accordance with the terms and conditions of an account held by Defendant Bank of America,

7

N.A. or when instructed to do so in accordance with the terms and conditions of the account.

46. The conduct of Defendant Bank of America, N.A. was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages including frustration, anger, embarrassment, and mental anguish and emotional distress and other harm to the Plaintiff that are outlined more fully above, and as a result Defendant Bank of America, N.A. is liable for the full amount of statutory, and actual damages, along with attorneys' fees and costs, as well as such further relief as may be permitted by law.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant Bank of America, N.A. for actual damages and statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3); and for such other and further relief as may be just and proper.

## COUNT III
## Kansas Consumer Protection Act
## Against All Defendants

COMES NOW Plaintiff, and as for Count III against all Defendants, states and alleges as follows:

47. Plaintiff hereby incorporates all other paragraphs herein.

48. This Court has jurisdiction under K.S.A. §50-601, *et seq*., the Kansas Consumer Protection Act ("KCPA").

49. Venue and personal jurisdiction are proper in this Court under K.S.A. §50-638(b) because Defendant has engaged in collection activities in the State of Kansas.

50. Plaintiff is an individual within the meaning of the Kansas Consumer Protection Act.

51. Plaintiff is a consumer as defined by K.S.A. §50-624(b) (2001).

52. Defendants are suppliers as defined by K.S.A. §50-624(i) (2009) because it engages in or enforces consumer transactions.

53. The transaction is a consumer transaction as defined by K.S.A. §50-624(c) (2011) in that it was for personal, family, or household purposes.

54. K.S.A §50-626 (2011) provides:

> *(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction.*

55. K.S.A §50-626 (2009) provides a non-exhaustive list of deceptive practices, a few of which are:

> *(b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has been misled:*
>
> *(1) Representations made knowingly or with reason to know that: (B) the supplier has a . . . status . . . that the supplier does not have;*
>
> *(3) The willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact . . . [.]*
>
> *(8) Falsely stating, knowingly or with reason to know, that a consumer transaction involves consumer . . . obligations.*

56. K.S.A §50-627 provides that *"(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during, or after the transaction."*

57. K.S.A §50-627 provides that in determining whether an act or practice is unconscionable, the Court shall consider circumstances of which the supplier knew or had reason to know, such as but not limited to the following:

> *(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*

9

> *(3) the consumer was unable to receive a material benefit from the subject of the transaction;*

58. Defendants' acts and omissions violated K.S.A. § 50-627 cited above and were unconscionable acts under the Kansas Consumer Protection Act.

59. Defendants' acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

60. Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

61. Because of Defendants' deceptive acts, Plaintiff is an aggrieved consumer, has suffered loss and been harmed, has incurred actual damages, and has incurred attorneys' fees.

62. Under K.SA. §50-634(e)(1), Plaintiff is entitled to reasonable attorneys' fees against Defendants for having prosecuted this action.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants and requests the Court:

    a. Issue a declaratory judgment that Defendants have violated the Kansas Consumer Protection Act under K.S.A. §50-634(a)(1);

    b. Award actual damages and restitution to Plaintiff;

    c. If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation under K.S.A. §50-634(b) against each Defendant and under K.S.A. §50-636 for every violation of the Kansas Consumer Protection Act;

    d. Issue an injunction against Defendants precluding them from continuing the above-described conduct under K.S.A. §50-634(a)(2);

e.   Award costs and reasonable attorneys' fees, under K.S.A. §50-634; and

   f.   Such other and further relief as the Court deems just and equitable.

## Count IV
## Wrongful Garnishment
## Against All Defendants

COMES NOW Plaintiff, and as for Count IV against all Defendants, states and alleges as follows:

63. Plaintiff hereby incorporates all other paragraphs herein.

64. Defendants issued non-wage garnishments against Plaintiff.

65. Defendants withheld Plaintiff's money that was deposited in Kansas.

66. The garnishment proceedings were initiated by Defendants without a good-faith belief that the judgment upon which those proceedings were based, was valid.

67. Once notified that the Defendants had the wrong person, the garnishment proceedings were continued by Defendants without a good-faith belief that the judgment upon which those proceedings were based, was valid.

68. Funds in the possession of Plaintiff were actually garnished.

69. As a direct and proximate result of the taking of the garnishment, Defendants deprived Plaintiff of the use and possession of his funds.

70. As a direct and proximate cause of the garnishment violation by Defendants, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment together with the loss of Plaintiff's funds.

71. The actions of Defendants were in wanton and reckless disregard for the rights of Plaintiff to the extent that punitive damages are warranted.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants for compensatory damages, together with costs and interest as allowed by law.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

*Respectfully submitted*,

By: /s/ Matthew S. Robertson
A.J. Stecklein                KS #16330
Matthew S. Robertson          KS #27254
STECKLEIN ROBERTSON LAW, CHTD
1503 Westport Road
Kansas City, Missouri 64111
Telephone: (913) 371-0727
Facsimile:  (913) 371-0727
Email: msr@kcconsumerlawyer.com
       aj@kcconsumerlawyer.com
**Attorneys for Plaintiff**