# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS
# AT KANSAS CITY

| | |
|---|---|
| CHIK HON YIM, | ) |
|        Plaintiff, | )<br>)<br>) Case No.: 2:23-cv-02538-DDC-BGS |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| TRANSWORLD SYSTEMS, INC., d/b/a<br>NCO ATTORNEY NETWORK,<br>JUDGMENT RECOVERY PARTNERS,<br>LLC, and BANK OF AMERICA, N.A., | )<br>)<br>)<br>)<br>) |
|        Defendants. | ) |

## DEFENDANT JUDGMENT RECOVERY PARTNERS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Judgment Recovery Partners, LLC (hereinafter, "Defendant" or "JRP"), by and through the undersigned counsel of record and in accordance with Fed. R. Civ. P. 12, hereby submits its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint. In support, JRP states as follows:

1. Admitted in part and denied in part. JRP admits that Plaintiff is seeking damages regarding a garnishment from his bank in the course of collecting on a judgment. Unless otherwise admitted, JRP denies the allegations in this paragraph.

2. Admitted in part and denied in part. JRP admits that Plaintiff is pursuing claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") against JRP. Unless otherwise admitted, JRP denies the allegations in this paragraph.

## JRP'S ANSWER TO JURISDICTION AND VENUE

3. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court. By way of further responses, JRP denies that 15 U.S.C. §1681p provides a basis for jurisdiction as to the claims asserted by Plaintiff.

4. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

5. Denied. JRP denies these allegations and leaves Plaintiff to his proofs.

## JRP's ANSWER TO THE PARTIES

6. Admitted, on information and belief.

7. Denied. No response to these allegations is required of JRP because these allegations are directed to a co-defendant Transworld Systems, Inc., d/b/a NCO Attorney Network ("TSI"). To the extent that a response is deemed necessary, JRP denies these allegations.

8. Denied. No response to these allegations is required of JRP because these allegations are directed to a co-defendant TSI. To the extent that a response is deemed necessary, JRP denies these allegations.

9. Admitted in part and denied in part. JRP admits that it is a Wyoming limited liability company. Unless otherwise admitted, JRP denies the allegations in this paragraph.

10. Admitted in part and denied in part. JRP admits that it was hired to recover on a judgment debt owed by Plaintiff. Unless otherwise admitted, JRP denies the allegations in this paragraph.

11. Denied. No response to these allegations is required of JRP because these allegations are directed to a co-defendant Bank of American, N.A., ("BANA"). To the extent that a response is deemed necessary, JRP denies these allegations.

## JRP'S ANSWER TO PLAINTIFF'S FACTUAL BACKGROUND

12. Denied. JRP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

13. Denied. JRP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

14. Denied. JRP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

15. Denied. JRP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

16. Admitted.

17. Admitted in part and denied in part. JRP admits that the judgment debtor has a social security number ending in 6135 and that the garnishment documents identified the judgment debtor consistent with the judgment and the social security number belonging to Plaintiff. Unless otherwise admitted, JRP denies the allegations in this paragraph.

18. Admitted.

19. Admitted.

19a. Admitted.

19b. Admitted.

19c. Admitted.

20. Denied. JRP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and, therefore, denies these allegations.

21. Admitted. JRP admits that its records reflect a conversation between Plaintiff and JRP on November 13, 2023.

22. Denied. JRP denies these allegations and leaves Plaintiff to his proofs.

23. Denied. JRP denies these allegations and leaves Plaintiff to his proofs.

## JRP'S ANSWER TO COUNT I
## Violations of the Fair Debt Collection Practices Act
## Defendant Transworld Systems, Inc.
## and Judgment Recovery Partners LLC

COMES NOW Defendant Judgment Recovery Partners, LLC, and as for Count I of Plaintiff's First Amended Complaint, answers as follows:

24. No response is required to this paragraph as Plaintiff is merely incorporating the allegations in his prior paragraphs by reference. To the extent that a response is deemed necessary, JRP incorporates its responses to Paragraphs 1 through 23 as though fully set forth herein at length.

25. Admitted in part and denied in part. JRP admits that it secured funds from Plaintiff's bank account in the State of Kansas in connection with a judgment debt owed by Plaintiff. Unless otherwise admitted, JRP denies the allegations in this paragraph. To the extent the allegations in this paragraph are directed to TSI, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and are denied.

26. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

27. Admitted in part and denied in part. JRP admits that Plaintiff seeks damages against JRP for alleged violations of the FDCPA. Unless otherwise admitted, JRP denies the allegations in this paragraph. To the extent the allegations in this paragraph are directed to TSI, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and are denied.

28. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

29. Admitted in part and denied in part. JRP admits, at times, it collects on defaulted consumer debt owed to another. Unless otherwise admitted, JRP denies the allegations in this paragraph. To the extent the allegations in this paragraph are directed to TSI, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and are denied.

30. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

31. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

32. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

33. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

34. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

35. Denied. JRP denies engaging in any violative conduct under the FDCPA with respect to Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff. To the extent the allegations in this paragraph are directed to TSI, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and are denied.

36. Admitted in part and denied in part. JRP admits that it executed on the judgment to recover on a debt obligation owed to another. Unless otherwise admitted, JRP denies the allegations in this paragraph. To the extent the allegations in this paragraph are directed to TSI,

JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and are denied.

37. Denied. JRP denies that its conduct violated the FDCPA and denies that JRP was a proximate or direct cause or a factor, let alone a substantial factor, in any perceived harm claimed by Plaintiff. JRP denies that Plaintiff is entitled to the recovery of any damages as to JRP or reasonable costs, including his attorney's fees against JRP in the absence of liability on the part of JRP. To the extent the allegations in this paragraph are directed to TSI, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and are denied.

WHEREFORE, Defendant Judgment Recovery Partners, LLC respectfully requests that Count I of Plaintiff's First Amended Complaint be hence dismissed with prejudice, together with costs, and for such other and further relief as this Honorable Court deems just and appropriate under the premises.

### JRP'S ANSWER TO COUNT II
### Violations of the Electronic Funds Transfer Act
### Defendant Bank of America, N.A.

COMES NOW Defendant Judgment Recovery Partners, LLC, and as for Count II against Defendant Bank of America, N.A., states and alleges as follows:

38. No response is required to this paragraph as Plaintiff is merely incorporating the allegations in his prior paragraphs by reference. To the extent that a response is deemed necessary, JRP incorporates its responses to Paragraphs 1 through 37 as though fully set forth herein at length.

39. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

40. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

41. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

42. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

43. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

44. Denied. No response to these allegations is required of JRP because these allegations are directed to a co-defendant BANA. To the extent that a response is deemed necessary, JRP denies these allegations.

45. Denied. No response to these allegations is required of JRP because these allegations are directed to a co-defendant BANA. To the extent that a response is deemed necessary, JRP denies these allegations.

46. Denied. No response to these allegations is required of JRP because these allegations are directed to a co-defendant BANA. To the extent that a response is deemed necessary, JRP denies these allegations.

WHEREFORE, Defendant Judgment Recovery Partners, LLC respectfully requests that Count II of Plaintiff's First Amended Complaint be hence dismissed with prejudice, together with costs, and for such other and further relief as this Honorable Court deems just and appropriate under the premises.

### JRP'S ANSWER TO COUNT III
### Kansas Consumer Protection Act
### Against All Defendants

COMES NOW Defendant Judgment Recovery Partners, LLC, and as for Count III against all Defendants, states and alleges as follows:

47. No response is required to this paragraph as Plaintiff is merely incorporating the allegations in his prior paragraphs by reference. To the extent that a response is deemed necessary, JRP incorporates its responses to Paragraphs 1 through 46 as though fully set forth herein at length.

48. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

49. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

50. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

51. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

52. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

53. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

54. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

55. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

56. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

57. Denied. JRP denies the allegations in this paragraph because they consist of conclusions of law. JRP refers all questions of law to the Court.

58. Denied. JRP denies engaging in any unconscionable acts in violation of the Kansas Consumer Protection Act ("KCPA"). A factual basis for these conclusory allegations is demanded of Plaintiff. To the extent the allegations in this paragraph are directed to co-defendants TSI and BANA, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and BANA and are denied.

59. Denied. JRP denies engaging in any willful acts with respect to Plaintiff or a pattern of deceptive or unconscionable acts or practices. A factual basis for these conclusory allegations is demanded of Plaintiff. To the extent the allegations in this paragraph are directed to co-defendants TSI and BANA, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and BANA and are denied.

60. Denied. JRP denies any act or omission as to JRP was "described above" and denies any violation of the KCPA. A factual basis for these conclusory allegations is demanded of Plaintiff. To the extent the allegations in this paragraph are directed to co-defendants TSI and BANA, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and BANA and are denied.

61. Denied. JRP denies engaging in any deceptive acts and denies being a proximate or direct cause of any perceived harm claimed by Plaintiff. A factual basis for each harm Plaintiff claims to have incurred as a result of the alleged improper conduct of JRP is demanded of Plaintiff. To the extent the allegations in this paragraph are directed to co-defendants TSI and BANA, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and BANA and are denied.

62. Denied. JRP denies that Plaintiff is entitled to recover anything from JRP in the absence of a plausible KCPA claim against JRP. JRP leaves Plaintiff to his burden of proof. To

the extent the allegations in this paragraph are directed to co-defendants TSI and BANA, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and BANA and are denied.

WHEREFORE, Defendant Judgment Recovery Partners, LLC respectfully requests that Count III of Plaintiff's First Amended Complaint be hence dismissed with prejudice, together with costs, and for such other and further relief as this Honorable Court deems just and appropriate under the premises.

### JRP'S ANSWER TO COUNT IV
#### Wrongful Garnishment
#### Against All Defendants

COMES NOW Defendant Judgment Recovery Partners, LLC, and as for Count IV against all Defendants, states and alleges as follows:

63. No response is required to this paragraph as Plaintiff is merely incorporating the allegations in his prior paragraphs by reference. To the extent that a response is deemed necessary, JRP incorporates its responses to Paragraphs 1 through 62 as though fully set forth herein at length.

64. Admitted in part and denied in part. JRP admits that it sought to garnish amounts from Plaintiff's bank account to satisfy the judgment balance. Unless otherwise admitted, JRP denies the allegations in this paragraph. To the extent the allegations in this paragraph are directed to co-defendants TSI and BANA, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and BANA and are denied.

65. Denied. JRP denies these allegations to the extent that they are directed to JRP. To the extent the allegations in this paragraph are directed to co-defendants TSI and BANA, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and BANA and are denied.

66. Denied. JRP denies initiating garnishment proceedings in bad faith. A factual basis for these conclusory allegations is demanded of Plaintiff. To the extent the allegations in this paragraph are directed to co-defendants TSI and BANA, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and BANA and are denied.

67. Denied. JRP denies these allegations and leaves Plaintiff to his proofs. To the extent the allegations in this paragraph are directed to co-defendants TSI and BANA, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and BANA and are denied.

68. Denied. JRP denies these allegations and leaves Plaintiff to his proofs. To the extent the allegations in this paragraph are directed to co-defendants TSI and BANA, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and BANA and are denied.

69. Denied. JRP denies these allegations and leaves Plaintiff to his proofs. To the extent the allegations in this paragraph are directed to co-defendants TSI and BANA, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and BANA and are denied.

70. Denied. JRP denies any garnishment violation and denies that it was a direct or proximate cause of any perceived harm claimed by Plaintiff. A factual basis for each alleged harm claimed by Plaintiff as to JRP is demanded of Plaintiff. To the extent the allegations in this paragraph are directed to co-defendants TSI and BANA, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and BANA and are denied.

71. Denied. JRP denies engaging in any improper conduct. Negligently, let alone recklessly or wantonly, with respect to the issuance of the garnishment documents in connection

with the judgment.  JRP denies the remaining allegations in this paragraph to the extent that they are directed to JRP.  To the extent the allegations in this paragraph are directed to co-defendants TSI and BANA, JRP lacks sufficient knowledge or information to form a belief as to the truth of these allegations as to TSI and BANA and are denied.

WHEREFORE, Defendant Judgment Recovery Partners, LLC respectfully requests that Count IV of Plaintiff's First Amended Complaint be hence dismissed with prejudice, together with costs, and for such other and further relief as this Honorable Court deems just and appropriate under the premises.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against JRP upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to articulate a factual basis for his claims under Section 1692e of the FDCPA as JRP did not engage in any false, misleading or deceptive conduct in the course of its collection efforts.

### THIRD AFFIRMATIVE DEFENSE

JRP did not engage in any unfair or unconscionable conduct in the course of its efforts to recover on the judgment debt owed by Plaintiff.  Therefore, Plaintiff has failed to articulate a viable claim under Section 1692f of the FDCPA.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff offers no facts showing that the subject debt was a consumer debt, rendering the FDCPA inapplicable. Therefore, as to JRP, Count I should be dismissed or withdrawn.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the actions of Plaintiff or others, and are not attributable to the conduct of JRP.

### SIXTH AFFIRMATIVE DEFENSE

JRP's conduct was not negligent, willfully improper or reckless. Therefore, Plaintiff lacks any basis to seek punitive damages against JRP.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's KCPA claim fails as to JRP because JRP is not a "supplier" within the meaning of Kan. Stat. Ann. § 50-624(l). Therefore, Count III should be dismissed or withdrawn.

### GENERAL DENIAL

JRP denies all unnumbered allegations and those not expressly admitted herein.

### JURY TRIAL DEMAND

Defendant Judgment Recovery Partners, LLC demands trial by jury of twelve (12) as to all issues so triable.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant Judgment Recovery Partners, LLC respectfully requests that Plaintiff's First Amended Complaint be hence dismissed, together with costs, and requests such other and further relief as this Honorable Court deems just and appropriate under the premises.

Respectfully Submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ James C. Morris*
James C. Morris, #78900
Kelli M. McCurdy, #28689
211 North Broadway, Suite 2150
St. Louis, Missouri  63102
(314) 961-6686
(314) 338-3076 (fax)
jmorris@grsm.com
kmccurdy@grsm.com
*Counsel for Defendant*
*Judgment Recovery Partners, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court on January 18, 2024, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

*/s/ James C. Morris*